IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MOBILE GAS SERVICE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 04-0398-P-M |
| | ) | |
| THE UTILITIES BOARD OF THE CITY | ) | |
| OF DAPHNE, a corporation, and ARTHUR E. | ) | |
| RIGAS, individually and in his official capacity | ) | |
| as Director of the Utilities Board of the City of | ) | |
| Daphne, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

On May 31, 2005, this court entered an Order of Dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, dismissing this action, brought by plaintiff Mobile Gas Service Corporation against defendants the Utilities Board of the City of Daphne and Arthur Rigas, without prejudice, based on the Mediator's Report and a Mediation Agreement expressly entered into by all parties (doc.96).

In this highly acrimonious action, three subsequent matters remain pending before this court:

1.  Defendants' Petition For Attorney's Fees and Costs, with a Brief in support thereof (docs.86-87), with plaintiff's Opposition thereto (doc.95);

2.  defendants' Request For Rule 16 Scheduling Conference with District Court Judge (doc.88), and defendants' Motion For Leave to Supplement Request For A Rule 16 Scheduling Conference (doc.93), with plaintiff's Opposition to Defendants Request For Rule 16 Scheduling Conference (doc.89),

and defendants' Reply (doc.94); and

       3.  defendants' Motion For Amendment of Judgment (doc.97).  After careful consideration thereof, this court finds that defendants' Motion For Leave to Supplement Request For Rule 16 Scheduling Conference (doc.93), is DENIED; defendants' Request For Rule 16 Scheduling Conference (doc.88) is DENIED; defendants' Petition For Attorney's Fees and Costs (doc.86), shall be presented in a hearing before this court; and defendants' Motion For Amendment of Judgment (doc.97) is MOOT.

1.  Defendants' Petition For Attorney's Fees and Costs.

       Pursuant to Rule 54 of the Federal Rules of Civil Procedure and this court's Local Rule 54.3, defendants request as a sanction the award of attorney's fees in defending against this action (docs.86-87).  Defendants raise two grounds in support of the request:  This court has the inherent power to award attorney's fees under Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980); and insofar as plaintiff's Complaint was filed "without substantial justification" fees may be awarded under the Alabama Litigation Accountability Act, Ala. Code § 12-19-270, et. seq. (the "Act").  Defendants contend that plaintiff brought this action even though it had suffered no injury, and knowing that antitrust litigation would cause extraordinary injury to a competitor in the industry in the form of legal fees and expenses.  Id.  Defendants' counsel submitted a summary of the litigation expenses through March 31, 2005.  Id., Ex.A.

       In opposition, plaintiff contends that defendants' Request For Attorney's Fees is due to be denied on its face (doc.95).  Plaintiff argues that defendants' position is the same as that presented in support of their Motion to Dismiss and Amended Motion to dismiss (docs.8, 26), which this court denied (doc.65, adopting doc.49) (doc.95).  Further, plaintiff contends that defendants have failed to make even a preliminary showing that the "bad faith" exception to the American Rule regarding recovery of attorney's fees applies, so there is no basis for the court to invoke its inherent discretionary powers to award attorney's fees.  Plaintiff further contends that, even assuming that the Act applies in this federal question

case which plaintiff avers that it does not, there is no evidence that plaintiff's claims were "frivolous, groundless in fact or law, or vexatious, or interposed for any improper purpose." Id., p.2. Plaintiff asserts that its Complaint was filed "in direct response to... [d]efendants' attempt to leverage their market power over treated drinking water to obtain an unfair and illegal competitive advantage in the retail market for natural gas." Id., p.3.

This court notes that the Mediation Agreement expressly states, in part, that "the dismissals without prejudice shall not be used by any party in connection with any effort to recover attorney fees and/or costs hereafter."  Thus, the issue herein is whether plaintiff in bringing and pursuing this action acted in "bad faith," so as to unlock this court's inherent power to award defendants attorney's fees and costs, Roadway Express, 447 U.S. at 765-66 ("[T]he general rule... that a litigant cannot recover his counsel fees... does not apply when the opposing party has acted in bad faith."); Dapremont, 2000 WL 1566532, *7 ("The key to unlocking a court's inherent power is a finding of bad faith."), and acted without "without substantial justification" within the meaning of the Act.[1]

In Roadway Express, the issue was addressed following a hearing on the limited question of costs and attorney's fees.  447 U.S. at 755.  In Dapremont, the issue was addressed following a decision on the merits of the case and the entry of summary judgment.  2000 WL 1566532.  Further, pursuant to § 12-19-273, should this court determine that an award of attorney's fees is appropriate, it is required to set forth the reasons for such an award by addressing several factors.  Therefore, this court finds that a hearing on the issue is necessary.

In furtherance of, and to facilitate, such a hearing, defendants shall file a well-documented application for attorney's fees, supported by legal authority, on or before Friday, June 24, 2005.  The

---

[1] Under the Act, the phrase "without substantial justification" is defined as a "action, claim, defense or appeal' that when filed is "frivolous, groundless in fact or in law, or vexatious or interposed for any improper purpose, including without limitation, to cause unnecessary delay or needless increase in the cost of litigation, as determined by the court."  § 12-19-271.

Summary presented (doc.87, Ex.A), is not sufficient. Plaintiff is afforded the opportunity to respond on or before Friday, July 8, 2005. No further filings on the issue will be considered. Thereafter, a hearing date will be selected and the parties will be notified.

The parties are cautioned, however, that they will not be given an opportunity to relitigate this action. This court will not address the substance of the Complaint as this controversy has been settled through Mediation. On October 6, 2004, the Magistrate Judge issued a Report and Recommendation denying defendants' Motions to Dismiss (doc.49). In doing so, the Magistrate Judge found, in relevant part, that plaintiff's allegations

> if true, are sufficient to establish antitrust injury on the part of Mobile Gas, as well as Mobile Gas' status as an efficient enforcer of the antitrust laws. While the Court makes no judgment as to Mobile Gas' ability, ultimately, to prove its allegations of standing as the facts of this action are developed, Mobile Gas' allegations related to antitrust standing, which must be accepted as true at this stage of the litigation, are sufficient to withstand a motion to dismiss for failure to state a claim upon which relief can be granted.

(doc.49, p.12). On December 27, 2004, this court adopted the Magistrate Judge's Report and Recommended as the opinion of this court (doc.65).

### 2. Defendants' Request For Rule 16 Scheduling Conference.

The Request for a scheduling conference is pursuant to Rule 16(a) (doc.88). Defendants state their belief that "a conference with the District Judge... would be effective and beneficial to resolve matters such as a briefing schedule, the consideration of discovery, the development of a schedule for the presentation of affidavits, consideration of an evidentiary hearing, and possible resolution by binding arbitration." (doc.88). [2]

With the Motion For Leave to Supplement the Request For A Rule 16 Scheduling Conference, defendants seek to submit two exhibits to support the need for the requested conference (doc.93).

---

[2] This court notes that a Rule 16(b) Scheduling Conference was conducted on March 7, 2005, with counsel for both parties participating, and which resulted in the Rule 16(b) Scheduling Order (doc.75).

Defendants seek to submit the Mediation Agreement and a letter dated April 28, 2005, from counsel for defendants to the Mediator which the Mediator forwarded to counsel for plaintiff.  Id.

This court finds, in light of the ruling herein, that supplementation of the Request of a Rule 16 Scheduling Conference is not necessary.  By letter dated May 11, 2005, from counsel for plaintiff, the court received a copy of the Mediation Agreement reflecting the signatures of counsel for both parties, representatives of each party, and the mediator.  This court is not in possession of a copy of the referred to letter dated April 28, 2005, however, this court finds that, due to the clarity of the Mediation Agreement, its inclusion into the record is not necessary.  Therefore, defendants' Motion For Leave to Supplement Request For A Rule 16 Scheduling Conference (doc.89), is DENIED.

Plaintiff opposes defendants' Request For a Rule 16 Scheduling Conference (doc.89).  Plaintiff contends that this action was mediated on April 13, 2005, "and following extensive post-mediation communication through the [M]ediator, settled on Friday, April 29th.  Even *before* "before the ink was dry" - ... defendants filed Motions for sanctions [attorney's fees and costs] against plaintiff... and asked for a Rule 16 scheduling conference."  (doc.89, emphasis in original).  Plaintiff argues that "the main reason to settle... through mediation was for the Court and the parties to *avoid* the burden and expense of litigation."  Id.  Plaintiff states that there is no need for a Rule 16 Conference; all the parties need to do is "to accept the simple and straight forward settlement offer made by [plaintiff] to [defendant] *even before this lawsuit was filed*..." Id.  Plaintiff also contends that defendants, even though having settled this dispute, are attempting to litigate the merits of the action, "under the guise of sanctions motions." (doc.89).

Rule 16 of the Federal Rules of Civil Procedure provides that "[i]n any action, the court may in its discretion direct the attorneys for the parties... to appear before it for a conference or conferences before trial for such purposes as... (5) facilitating the settlement of the case."  Fed.R.Civ.P.16(a).

5

Herein, as noted, this case has settled but there clearly remains contention and at least one unresolved issue, defendants' request for attorney's fees. The issue is to be addressed at a hearing before this court. As such, this court finds that a Rule 16 conference on the issue of attorney's fees is unnecessary. Therefore, defendants' Request For Rule 16 Scheduling Conference (doc.88), is DENIED.

### 3.  Defendants' Motion For Amendment of Judgment.

Defendants request that the court amend its Order of Dismissal dated May 31, 2005, to expressly reserve jurisdiction over defendants' claim for attorney's fees and costs (doc.97). Defendants contend that a dismissal lacking a reservation of jurisdiction may jeopardize their Petition for attorney's fees under the Act. Id.

Section 12-19-272, provides that the court must make its award of attorney's fees under the Act as part of its judgment on the merits of the case. Langham v. Wampol, ___ So.2d ___, 2004 WL 2756290, *7 (Ala. Civ. App. (Dec. 3, 2004). The Act allows the court the discretion to hold a separate hearing on a petition for attorney's fees "after the entry of a final judgment on the merits, provided that the court retained jurisdiction to do so." Langham, at *8.

Herein, this court entered an Order of Dismissal based on the parties' executed Mediation Agreement, not a final judgment. As noted herein, the Mediation Agreement did not rule out claims for attorney's fees. In the Order of Dismissal, this court expressly noted the fact that the court's copy of the Mediation Agreement would be held in Chambers in the event this court was called upon to enforce any aspect of the Agreement (doc.96, n.1). As evidenced by this writing, this court has maintained its jurisdiction over this action and is clearly being called upon to address an issue arising under the Mediation Agreement, the issue of attorney's fees.

This court finds that an amendment to the Order of Dismissal is unnecessary. Therefore, Defendants' Motion For Amendment of Judgment (doc.97), is MOOT.

### 4.  Conclusion

Accordingly, it is ORDERED that defendants file a well-documented application for attorney's fees, supported by legal authority, on or before Friday, June 24, 2005.  Any response by plaintiff shall be filed on or before Friday, July 8, 2005.  No further filings on the issue of attorney's fees will be considered.  Thereafter, a hearing date will be selected and the parties will be notified.

It is further ORDERED that defendants' Motion For Leave to Supplement Request For Rule 16 Scheduling Conference (doc.93), is hereby DENIED; defendants' Request For Rule 16 Scheduling Conference (doc.88) is hereby DENIED.

It is further ORDERED that defendants' Motion For Amendment of Judgment (doc.97), is hereby MOOT.

DONE this 3rd day of June, 2005.

    S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE