IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MOBILE GAS SERVICE CORPORATION, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 04-0398-P-M |
| | ) | |
| THE UTILITIES BOARD OF THE CITY | ) | |
| OF DAPHNE, a corporation, and ARTHUR E. | ) | |
| RIGAS, individually and in his official capacity | ) | |
| as Director of the Utilities Board of the City of | ) | |
| Daphne, | ) | |
| | ) | |
|     Defendant. | ) | |

ORDER

On May 31, 2005, this court entered an Order of Dismissal pursuant to Rule 41(a)(2) of the

Federal Rules of Civil Procedure, dismissing this action without prejudice based on the Mediator's Report

of a Mediation Agreement expressly entered into by all the parties (doc.96).

Two subsequent matters remain pending before this court: 1) An Application For Attorneys'

Fees and Costs filed by defendant the Utilities Board of the City of Daphne and defendant Arthur Rigas

(collectively referred to as "Daphne") (docs.86-87, 99), with an Opposition thereto with supporting

Affidavits filed by plaintiff Mobile Gas Service Corporation ("Mobile Gas") (docs.95, 101-02); and 2) a

Motion to Strike certain affidavit testimony supporting Daphne's Application For Attorneys' Fees filed by

Mobile Gas (doc.100). After careful consideration of all relevant matter to the issues raised, this court

finds for the reasons stated herein that a hearing on the issue of attorney's fees as previously anticipated

(see doc.98, p.3-4) is not necessary; the Application For Attorneys' Fees and Costs filed by Daphne

(doc.99), is DENIED; and the Motion to Strike filed by Mobile Gas (doc.100), is STRICKEN.

1.   Daphne's Application For Attorneys' Fees and Costs

Daphne requests attorneys' fees and costs in the amount of $106,675.45 ($97,113.00 in attorneys' fees + $9,562.45 in costs = $106,675.45) (doc.99, p.15-16).  In support of the request Daphne raises two contentions: 1) Attorneys' fees are available under the Alabama Litigation Accountability Act, Ala. Code § 12-19-270, et. seq.; Dapremont v. Overcash, Walker & Company, P.C., 2000 WL 1566532 (S.D.Ala.) (Hand, J.); and Ledkins v. Welch, 2000 WL 1135490 (S.D.Ala.) (Hand, J.) (docs.86-87, 99); and 2) this court has the inherent power to award attorneys' fees under Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980).

Daphne argues that Mobile Gas' Complaint was filed "without substantial justification" insofar as Mobile Gas brought this action "based not on the requisite law under the Sherman and Clayton Acts, but on a desire to quash competition...." (doc.99, p.6).  Mobile Gas opposes the Application For Attorneys' Fees contending that Daphne's request for attorneys' fees is due to be denied on its face (docs.95, 101).

This court addresses the issues beginning with Daphne's contention that attorneys' fees are available under Ala. Code § 12-19-270, et. seq.

A. The Alabama Litigation Accountability Act.

The Statute provides:

...[I]n any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part;

* * *

The court shall assess attorneys' fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action or any part thereof, or asserted any claim or defense therein, that is without substantial justification, or that the action or any part thereof, or any claim or defense therein, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceedings by other improper conduct including but

not limited to abuses of discovery procedures available under the Alabama Rules of Civil
Procedure;...

§ 12-19-272(a) and (c); Dapremont, 2000 WL 1566532, *7 (the court found that the plaintiff had made

claims "without substantial justification" requiring the defendants to expend considerable time and

expense in defending the case); Ledkins, 2000 WL 1135490, *4-5 (the court found that the plaintiff's

claim was "clearly barred by the Alabama Stature of Frauds," and given the facts, the action was "clearly

'without substantial justification'" entitling the defendant to recover attorney's fees). "The phrase

'without substantial justification' means that such action, claim, defense or appeal (including any motion)

is frivolous, groundless in fact or in law, or vexatious, or interposed for any improper purpose, including

without limitation, to cause unnecessary delay or needless increase in the cost of litigation, as determined

by the court." § 12-19-271; Ledkins, 2000 WL 1135490, *4-5. The Statute applies to "courts of record

in this state," to both state and federal courts. See Fegaro v. South Central Bell, 252 So.2d 66 (1971)

("[w]e have previously held that the term 'courts of this state' includes the United States District Courts

in Alabama").

Dapremont and Ledkins, are distinguishable, neither support Daphne's request for attorneys' fees

and costs herein. Dapremont and Ledkins, are tort actions brought before the federal district court under

28 U.S.C. § 1332 (diversity jurisdiction). It is axiomatic that in diversity cases federal courts must apply

the applicable substantive state law, Erie R.R. Co. v. Thompkins, 304 U.S. 64, 78 (1938), while the matter

*sub judice* is before this court exclusively pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and

§ 1337, under Sections 1 and 2 of the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 2, and Section 3 of the

Clayton Act, 15 U.S.C. § 14 (doc.1).

Daphne proffers no legal authority demonstrating that Alabama substantive law applies in this

federal question action. Therefore, this court finds that Daphne's request for attorneys' fees based on the

Alabama Litigation Accountability Act is without merit.

3

B.  This Court's Inherent Power.

Daphne also contends that this court has the inherent power to award attorneys' fees where the

court finds no "substantial justification" for the litigation or that it was initiated for an improper purpose,

relying on Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980).  Daphne argues that Mobile Gas "had

nothing but oppressive motives in filing this lawsuit... aware that [Daphne] would struggle to afford

expensive antitrust litigation" and Mobile Gas "refused to respond substantively to early stage challenges

by... [Daphne] to the lack of injury..." (doc.87, p.4).  Daphne also alleges that Mobile Gas "stubbornly

refused,... to put forth the effort required to evaluate the validity of its claims..." (doc.99, p.7), and

"through the filing of this federal antitrust suit, hoped to push Daphne... out of the market."  Id., p.9.

Daphne also alleges that Mobile Gas "needlessly prolonged the litigation by artfully dodging any early-

stage resolution of the substantive issues," and by passing up an early offer of mediation" when

"[u]ltimately[,] mediation resolved the litigation..., but not until Daphne... had incurred substantial legal

fees."  Id., p.9-10.

Mobile Gas contends that no improper motives prompted the filing of this action.  Mobile Gas was

merely attempting "to promote a level playing field in the competition to sell gas to outparcels at the

Eastern Shore Centre...  Mobile Gas' position,... is that [Daphne's] conduct violated the federal antitrust

laws.  Mobile Gas' purpose in filing this lawsuit was to ***promote*** fair and legal competition,..." (doc.101,

p.6) (emphasis in original).

This court notes that Mobile Gas brought this action on June 18, 2004, seeking antitrust relief

under the Sherman and Clayton Acts (doc.1).  On July 26, 2004, Daphne filed a Motion to Dismiss

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (docs.8-9).

On August 16, 2004, Mobile Gas filed its Brief in Opposition to the Motion to Dismiss (doc.21),

with a Motion to Strike evidentiary material attached to Daphne's brief in support of the Motion to

Dismiss (doc.20).  On August 24, 2004, Daphne filed an Amended Motion to Dismiss contending that

pursuant to Fed.R.Civ.P. 12(b)(1), Mobile Gas had no standing to bring the action (doc.26).  On August

25, 2004, Mobile Gas responded with a Motion to Strike Putative Rule 12(b)(1) Motion (docs.27, 29).  On

August 30, 2004, Daphne filed a Reply in support of the Motion to Dismiss (doc.31).

On September 8, 2004, Daphne filed an Opposition to the Motion to Strike Amended Motion to

Dismiss (doc.34).  On September 14, 2004, Daphne filed a Motion For Leave to Supplement Opposition to

Motion to Strike Amended Motion to Dismiss (doc.40).  On September 20, 2004, Mobile Gas filed a

Response requesting that Daphne's Motion to Supplement be denied (doc.41).  On September 21, 2004,

Daphne filed a Reply (doc.43).  On September 27, 2004, Mobile Gas filed a Motion to File a Supplemental

Brief Regarding the Procedural Impropriety of Daphne's Rule 12(b)(1) Motion (doc.45).  On September

29, 2004, this court continued the Rule 16(b) Scheduling Conference noting the above referred to Motions

which were pending before the Magistrate Judge (doc.46).  On September 29, 2004, Daphne filed an

Opposition to Mobile Gas' request to supplement (doc.47).

On October 6, 2004, the Magistrate Judge issued a Report and Recommendation recommending

that Daphne's Motion to Dismiss be denied (doc.49).  On October 26, 2004, Daphne filed an Objection to

the Report and Recommendation (docs.58-59, 62).

On November 15, 2004, Mobile Gas filed a Response (doc.63).  On December 27, 2004,

following a *de novo* review of the Report and Recommendation, this court adopted the Report and

Recommendation as its opinion (doc.65).  As noted at the time,

> ... this district court has original subject matter jurisdiction over the controversy pursuant
> to 28 U.S.C. § 1337(a) ("of any civil action or proceeding arising under any Act of
> Congress regulating commerce or protecting trade and commerce against restraints and
> monopolies....") and § 1331...  Thus, the pertinent issue is whether Mobile Gas has stated
> a claim sufficient to withstand a Rule 12(b)(6) motion to dismiss in the context of
> antitrust, i.e., does Mobile Gas have "antitrust standing?"  Florida Seed Co., Inc. v.
> Monsanto Co., 105 F.3d 1372, 1374-75 (11th Cir.) (addressing the issue of antitrust
> standing and finding that the plaintiff had suffered no antitrust injury), *cert*. *denied*, 522

U.S. 913 (1997).

> ***The Magistrate Judge found***, following a thorough Rule 12(b)(6) analysis
> (doc.49, p.9-12), without opining on the merits of the claims asserted, that ***the allegations***
> ***of Mobile Gas, "if true, are sufficient to establish antitrust injury..., as well as...***
> ***status as an efficient enforcer of the antitrust laws... sufficient to withstand a motion***
> ***to dismiss*** for failure to state a claim upon which relief can be granted." Id., p.12.

(doc.65, p.4) (emphasis added).

On January 11, 2005, Daphne filed an Answer and Counterclaim (doc.67).  On January 13, 2005, Daphne filed an Answer and First Amended Counterclaim (doc.68).  On January 26, Mobile Gas filed its Answer to the First Amended Counterclaim (doc.69).

On February 28, 2005, Daphne filed a Motion For Leave to Dismiss Counterclaims (doc.72).

On March 7, 2005, this court entered a Rule 16(b) Scheduling Order setting September 12, 2005, as the discovery completion date (doc.75, item 2), and an Order of Referral to Mediation directing that the parties were to initiate their first mediation conference on or before April 18, 2005 (doc.76).  On March 10, 2005, Mobile Gas filed a Motion For Leave to File Objection Out of Time to Daphne's Motion for Leave to Dismiss its Counterclaims (doc.79).  The Magistrate Judge granted the Motion and construed the Motion as Mobile Gas' objection (doc.80).  Daphne filed a Reply in support of its Motion to Dismiss Counterclaims (doc.81).

On April 29, 2005, Daphne filed the subject Petition For Attorney's Fees and Costs (docs.86-87).

On May 2, 2005, the Mediator reported that the parties "have agreed to dismiss without prejudice each of their respective claims and counterclaims herein" (doc.91).  On May 13, 2005, Mobile Gas filed its Opposition to the Petition For Attorney's Fees and Costs (doc.95).  On May 31, 2005, this court issued an Order of Dismissal dismissing the action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (doc.96).

On June 2, 2005, Daphne filed a Motion For Amendment of Judgment requesting that the court

alter the Judgment expressly reserving and maintaining jurisdiction over its claim for attorney's fees

(doc.97).  On June 3, 2005, this court, *inter alia*, deemed the request moot, noting

> this court entered an Order of Dismissal based on the parties' executed Mediation
> Agreement, not a final judgment. ... [T]he Mediation Agreement did not rule out claims
> for attorney's fees.  In the Order of Dismissal, this court expressly noted the fact that the
> court's copy of the Mediation Agreement would be held in Chambers in the event this
> court was called upon to enforce any aspect of the Agreement (doc.96, n.1).  As
> evidenced by this writing, this court has maintained its jurisdiction over this action and is
> clearly being called upon to address an issue arising under the Mediation Agreement, the
> issue of attorney's fees.

(doc.98, p.6).  On June 24, 2005, Daphne filed its Application For Attorneys' Fees (doc.99), which

prompted Mobile Gas' Motion to Strike (doc.100), Opposition to Daphne's Application For Attorneys'

Fees (doc.101), and Notice of Filing Affidavit of John S. Davis, President and Chief Executive Officer of

Mobile Gas (doc.102).

The United States Supreme Court holds that "federal courts have inherent power to assess

attorney's fees against counsel" as part of the courts' power over members of the bar.  Roadway

Express, 447 U.S. at 764; Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991), *cert*. *denied*, 502 U.S.

1048 (1992).  "A court may assess attorney's fees against litigants, counsel, and law firms who willfully

abuse judicial process by conduct tantamount to bad faith."  Avirgan, at 1582.

Bad faith "may be found, not only in the actions that led to the lawsuit, but also in the conduct of

the litigation."  Roadway Express, 447 U.S. at 766 (citations omitted).  A determination of "bad faith" is

warranted "where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation

tactics that needlessly obstruct the litigation of non-frivolous claims."  Schwartz v. Millon Air, Inc., 341

F.3d 1220, 1225 (11th Cir. 2003) (addressing the issue of sanctions under 28 U.S.C. § 1927); Footman v.

Cheung, 139 Fed.Appx. 144, 146 (11th Cir. 2005).  Where a party knows (must have known) prior to filing

a lawsuit that they had no competent evidence" the complaint is not well-grounded, and fees may

appropriately be awarded to the opposing party.  Avirgan, 932 F.2d at 1582; Godwin v. Marsh, 266

F.Supp.2d 1355, 1358 (M.D. Ala. (Aug. 28, 2002)) (J. Thompson).  In opting to pursue a claim, a party

"has a right to use civil discovery in attempts to prove the existence of a colorable claim for relief,"

however, "[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant

and his attorney have a duty to discontinue their quest."  Avirgan, at 1582 (quoting Collins v. Walden, 834

F.2d 961, 965 (11th Cir. 1987)).  "Attorneys are not only responsible for investigating the claims of a

lawsuit prior to filing, but have a continuing obligation throughout the pendency of the action to insure the

lawsuit continues to have merit."  Godwin, 266 F.Supp.2d at 1358.

In Godwin, in imposing sanctions, the court noted that

> [t]here is sufficient evidence here of bad faith to support sanctions.  First Godwin's complaint in this case was without merit; as this court wrote in dismissing the lawsuit, the "allegations contained in Godwin's complaint fall far short of establishing a violation of § 1985."... On appeal, the Eleventh Circuit held that, "Quite simply, Godwin fails to plead the existence of a conspiracy, any acts in furtherance of the alleged conspiracy, any class-based discriminatory motive, or any personal injury resulting from the alleged conspiracy."...

> Moreover, the pleadings Godwin has filed in this case demonstrate that, rather than stating a legitimate constitutional violation, he is attempting to re-litigate, under various guises, a state probate matter.  Godwin has filed at least five cases in federal court, all without merit, and each has been appealed to the Eleventh Circuit, with three, including the present case, already affirmed.  It is also evident that Godwin has acted maliciously.  For example, when Marsh and Cassady submitted their motion to dismiss, Godwin responded by seeking to add the attorney representing them.

> As such, Godwin is abusing the federal court system, needlessly adding to the court's docket and harassing opposing attorneys as well as others.

Godwin, 266 F.Supp.2d at 1360.

In Avirgan, the plaintiffs, American journalists filed suit raising numerous claims arising out of the

bombing of a press conference of Contra leader Eden Pastora in La Penca, Nicaragua.  932 F.2d at 1575.

After two years of discovery, several of the defendants filed motions for summary judgments alleging that

the plaintiffs failed to state a claim.  The district court granted summary judgment.  Thereafter, the district

court granted the defendants' motions for costs and attorneys' fees.  Id., at 1576.  In doing so, the district

court noted:

> The attorneys for the plaintiffs, The Christic Institute, must have known prior to suing that they had no competent evidence to substantiate the theories alleged in their complaint. Plaintiffs lead counsel, Daniel Sheehan, supplemented the complaint with a detailed affidavit outlining the purported testimony of seventy-nine witnesses who Mr. Sheehan stated had factual knowledge that these defendants set and exploded the bomb that caused plaintiff's injuries.
>
> The seventy-nine witnesses were identified only by number.  Plaintiffs' counsel refused to identify the names and addresses of the vast majority of the seventy-nine witnesses until ordered to do so by the court.  Plaintiffs appealed the order requiring them to disclose the identities of the witnesses.  These actions by plaintiffs and their counsel prevented the defendants from taking depositions of these witnesses, and delayed orderly discovery for many months.
>
> After all the appeals were exhausted and plaintiffs complied with the order to reveal the names of their witnesses, the reason for the plaintiffs adamant refusal became apparent.  Specifically, the names and identities of approximately twenty of the seventy-nine witnesses were totally unknown to Mr. Sheehan or the plaintiffs.  Several of the disclosed witnesses later stated under oath that they did not know Mr. Sheehan, had never spoken to him, or flatly denied the statements he had attributed to them in his affidavit.  The remaining witnesses did not furnish any statements that would be admissible.  Much of the testimony of these witnesses involved conversations they allegedly had with other people, which is the hearsay testimony inadmissible at trial.

932 F.2d at 1581 (citation omitted).

> The Eleventh Circuit affirmed the award of attorneys' fees and costs stating:
>
> > Sheehan could not have reasonably believed at the time of the filing of the complaint and the signing of the affidavit that the complaint was well-grounded in fact... Particularly is this true of the affidavit with its unknown, nonexistent, deceased sources, its fabricated testimony, and the deceptive style used to mask its shortcomings.  It is obvious that if the [plaintiffs] knew (must have known) prior to the filing of this lawsuit that they had no competent evidence, then, this complaint was not well-grounded...
> >
> > ...On this record, we have no difficulty in finding that [the plaintiffs] unreasonably and vexatiously multiplied these proceedings....

Id., at 1582 (footnotes omitted).

An award of attorneys' fees as a sanction under this court's inherent powers is a sanction that

should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.

9

Roadway Express, 447 U.S. at 767.  This court's inherent powers to sanction "because of their very potency... must be exercised with restrain and discretion."  Godwin, 266 F.Supp.2d at 1360.

Herein, this court finds that the record fails to support a conclusion that Mobile Gas' conduct in this action was tantamount to bad faith.  Daphne has failed to carry its burden of showing that Mobile Gas acted in bad faith in bringing this action, or in pursuing the action.

First, with regard to the issue of bringing this action, this court notes that Mobile Gas survived Daphne's Rule 12(b)(1) and (6) Motion to Dismiss.  The Magistrate Judge found "without opining on the merits of the claims asserted, *that the allegations of Mobile Gas, "if true, are sufficient to establish antitrust injury..., as well as... status as an efficient enforcer of the antitrust laws... sufficient to withstand a motion to dismiss*..." (doc.49, p.12) (emphasis added).  The Report and Recommendation was adopted as the opinion of this court.  Thus, it cannot be said that the Complaint was frivolous or lacked substantial justification.

Upon the filing of Daphne's Petition for Attorneys' Fees and Costs (docs.86-87), this court directed Daphne to file a well-documented application for attorney's fees, supported by legal authority, after which Mobile Gas was afforded the opportunity to respond.  The parties were "*cautioned*" that they would not be given an opportunity to litigate the merits of the action as the controversy had been settled through mediation (doc.98, p.4) (emphasis added).  Even so, Daphne and Mobile Gas have each presented substantive arguments and evidence in furtherance of the merits of their initial positions in this litigation.  As forewarned, this court will not address the substantive merits of the claims and defenses presented by the parties.

With regard to the issue of bad faith in connection with the pursuit of this action, this court notes that Mobile Gas brought its antitrust action under the Sherman and Clayton Acts on June 18, 2004. Daphne responded to the Complaint by filing a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

Over the next four months, the parties each tactically manuvered for the last word. Mobile Gas had the right to respond and defend against the Motion to Dismiss, and did so, along with a Motion to Strike Daphne's evidentiary material. It was Daphne that amended the Motion to Dismiss adding the "no standing" contention, an action which protracted a ruling on the Motion to Dismiss and which invited a further response from Mobile Gas. Daphne also filed a Reply to its original Motion to Dismiss. Mobile Gas then opposed the Amended Motion to Dismiss and filed a Motion to Strike the Rule 12(b)(1) contention. Daphne opposed the Motion to Strike, then a week later filed a Motion For Leave to Supplement Opposition to Motion to Strike Amended Motion to Dismiss, again protracting the proceedings and delaying a ruling on the pending motions. Mobile Gas requested that Daphne's Motion to supplement be denied. Daphne filed a Reply. Finally, on September 27, 2004, Mobile Gas filed its Motion to File a Supplemental Brief Regarding the Procedural Impropriety of Daphne's Rule 12(b)(1) Motion; Daphne opposed the Motion.

On October 6, 2004, the Magistrate Judge issued the Report and Recommendation recommending the denial of Daphne's Motion to Dismiss; that Daphne's Motion to Amend its Motion to Dismiss be denied; that Mobile Gas' Motion to Strike Daphne's Evidentiary Materials be granted; and that the balance of Motions filed and referred to above, be denied as moot. As previously noted herein, the Magistrate Judge found the allegations of Mobile Gas were sufficient to withstand Daphne's Motion to Dismiss (doc.49, p.12). Over Daphne's objections, this court adopted the Magistrate Judge's Report and Recommendation as its opinion.

Simply put, Mobile Gas successfully opposed Daphne's efforts to have the Complaint dismissed at an early stage in the proceedings. The record does not reflect bad faith on the part of Mobile Gas, i.e., litigation tactics that needlessly obstructed the proceedings as evidenced in Avirgan, 932 F.2d 1572, and in Godwin, 266 F.Supp.2d 1355.

11

Daphne makes much of the fact that Mobile Gas opposed Daphne's efforts to voluntarily dismiss its counterclaims. However, this court finds no needless obstructive tactics on the part of Mobile Gas regarding Daphne's Motion For Leave to Dismiss Counterclaims which was filed on February 28, 2005. Mobile Gas simply filed an Opposition on March 10, 2005, under an extension of time granted by the Magistrate Judge. By that time, the stage had been set for the mediation proceedings which ultimately resolved the action.

On March 7, 2005, this court entered the Rule 16(b) Scheduling Order and the Order of Referral to Mediation, scheduling the first mediation conference to be conducted on or before April 18, 2005. During the interim, after Mobile Gas opposed Daphne's move to dismiss its counterclaims and until the Mediator filed his Report, no serious or unreasonable delays in the proceedings arose due to any action or omission, or otherwise, on the part of Mobile Gas. The parties selected their mediator (doc.82), Mobile Gas designated its expert witnesses (doc.83) and filed discovery notices (doc.84).

Thereafter, on April 29, 2005, Daphne filed its initial Motion For Attorneys' Fees (docs.86-87), and a Request For Rule 16 Scheduling Conference With District Court Judge (doc.88). On May 2, 2005, Mobile Gas opposed Daphne's request for a scheduling conference (doc.89). On May 13, 2005, Daphne filed its Motion For Leave to Supplement Request For a Rule 16 Scheduling Conference (doc.93), and a Reply to Mobile Gas' opposition (doc.94). Mobile Gas prevailed insofar as this court denied Daphne's Motion for a Rule 16 Conference (doc.98, p.4-6). On May 9, 2005, the Mediator reported that the parties had agreed to their respective claims without prejudice (doc.91). This court finds no needless obstructive tactics on the part of Mobile Gas.

Although a hearing on the issue of attorneys' fees was anticipated, Roadway Express, 447 U.S. at 767 (attorneys' fees "should not be assessed lightly or without fair notice and an opportunity for a hearing on the record."), for the reasons stated herein, the sanction of attorneys' fees is not imposed upon

Mobile Gas.  Thus, this court finds that a hearing on the issue is not necessary.  See Pesaplastic v. Cincinnati Milcron Company, 799 F.2d 1510, 1522 (11th Cir. 1986) (due process is afforded where the parties have an opportunity to present their arguments as to the propriety of sanctions, submit affidavits on the amount of such fees and costs, with an opportunity for the sanctioned party to file a motion challenging said affidavits).  Herein, both sides to the matter have had the opportunity to present their respective positions and supporting arguments.

2.  Mobile Gas' Motion to Strike Certain Affidavit Testimony.

With its response to Daphne's Application For Attorneys' Fees, Mobile Gas filed a Motion to Strike certain affidavit testimony which Daphne filed with its Application (doc.100).

This court notes, however, that on June 3, 2005, regarding the issue of attorneys' fees, this court directed that Daphne "shall file a well-documented application for attorney's fees, supported by legal authority, on or before Friday, June 24, 2005... [Mobile Gas] is afforded the opportunity to respond on or before Friday, July 8, 2005.  ***No further filings on the issue will be considered***." (doc.98, p.4) (emphasis added).

Daphne filed its Application for Attorneys' Fees (doc.99) and Mobile Gas responded with its Opposition (doc.101), and the Motion to Strike (doc.100).  Insofar as Mobile Gas' Motion to Strike was filed in contravention to this court's directive, the Motion to Strike is hereby STRICKEN.

Accordingly, for the reasons stated herein, it is ORDERED that Daphne's Petition and Application For Attorneys' Fees and Costs (docs.86-87, 99) be and is hereby DENIED, and Mobile Gas' Motion to Strike certain affidavit testimony supporting Daphne's Application is hereby STRICKEN.

DONE this 30th day of September, 2005.

                                        S/Virgil Pittman
                                        SENIOR UNITED STATES DISTRICT JUDGE

13